PHELPS v. THOMPSON ET AL.

1. **Administrator:** CLAIM AFTER FINAL SETTLEMENT. Where a party having a claim against the estate of a deceased person presented the same to the administrator, but never formally filed it, and gave it no further attention until eight years afterward, when he commenced an action therefor against the administrator and heirs, it was *held* that he was not entitled to the relief sought.

*Appeal from Winneshiek District Court.*

TUESDAY, JUNE 11.

HOLVER H. LEA died in the year 1868, intestate. The defendant John Thompson was appointed administrator of his estate on the 28th day of February, 1868.

On the 11th day of April, 1868, the plaintiff filed with the county judge an account and certain promissory notes, as a claim against the estate of decedent, in accordance with the statute in such cases made and provided.

On the 8th day of January, 1870, said administrator filed a petition for the sale of the real estate of the decedent to pay the debts, and in his schedule of debts accompanying said petition the claim of the plaintiff was set forth as proved and unpaid.

Commissioners were appointed to appraise the real estate and set apart a homestead to the widow. This having been done, the real estate not included in the homestead was ordered to be sold.

On the 9th day of January, 1871, said administrator filed an affidavit setting forth that he could not make a sale of said real estate at its appraised value, whereupon the court ordered that the same be sold at public or private sale, at a price not less than two-thirds of the appraised value. In pursuance of said order the said real estate was sold and conveyed on the 4th day of October, 1872.

VOL. XLVIII—41

On the 28th day of March, 1874, said administrator filed his final report, in which, among other things, it was set forth that the claim of the plaintiff was filed against the estate, but was never "allowed by this administrator, nor proved up in said court, as the law directs."

On the 7th day of September thereafter, an order was entered approving said final report, and discharging said administrator upon his filing receipts for the distributive shares, as shown by the report. These shares were afterward paid by the administrator to the heirs.

On the 6th day of April, 1876, plaintiff commenced this action against the administrator, the widow and heirs, and the purchasers of said real estate, in which he avers that his claim against said estate was allowed by the administrator and approved by the court; that no notice of said final report, or of the filing thereof, was served upon plaintiff, and that plaintiff had no knowledge thereof until some six months after the final order was made by the Circuit Court; that in the year 1873 said administrator assured plaintiff that his claim had been duly allowed, and would be paid; that, relying on said statements and assurances, plaintiff made no further "provision relative to said claim;" that said administrator made no effort to sell said real estate at its appraised value, and that he fraudulently refused to accept offers for the same in excess of said value, and made application to the court to sell at less than the appraisement, for the purpose of defrauding the plaintiff; that after having averred in the petition for the sale of the lands that the claim of plaintiff was proved and unpaid, he fraudulently averred in his final report that said claim was not proved.

Judgment was prayed against the administrator and the heirs for the amount of plaintiff's claim.

Defendants, by their answer, denied all fraud, and averred that notice of the filing of the final report was duly served upon the plaintiff, and that plaintiff was negligent in not

looking after his interests, and is not now entitled to any relief.

There was a trial by the court, and judgment entered for the defendants for costs.   Plaintiff appeals.

*Adams & Bullis*, for appellant.

*O. J. Clark*, for appellees.

ROTHROCK, CH. J.—It is conceded that the claim of the plaintiff never was formally proved and allowed. The records of the court make no mention of any action having been taken by the plaintiff further than the filing of the claim.   In the petition for the sale of the land the claim was set forth as "proved and unpaid," but the evidence shows beyond question that this was a mistake of the person who prepared the petition.   It does not appear that plaintiff was misled by this recital, nor that it in any manner influenced him in the prosecution of his claim.   All that plaintiff did, as shown by the record, was to file his claim, April 11, 1868.

1. ADMINIS-TRATOR: claim after final settle-ment.

So far as the record shows he gave no further attention to it until the commencement of this action, eight years afterward.

The following stipulation was entered into by the parties in the court below:

"That a notice of said final report was served on one L. Bullis, the general attorney of plaintiff, in June, 1874, and that about the 1st of January, 1874, said Phelps, plaintiff, left the county of Winneshiek, State of Iowa, for Europe, and was absent from said county till after the order of discharge of the administrator, set out in plaintiff's petition, and that during such absence said L. Bullis had these claims against the estate of said Lea in his possession, under his control as such attorney, for collection."

Under these circumstances we think the plaintiff is prop-

erly chargeable with negligence in failing to prosecute his claim.

In regard to the charges of fraud against the administrator we have to say that we believe the evidence shows that he acted in entire good faith, and with no intent to wrong any one.

We do not review the authorities cited by counsel for appellant. An examination of them will show in cases where relief has been granted, after a final settlement, to parties holding claims against an estate, the equities were much stronger than in the case at bar.

AFFIRMED.